# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MARCO CARROTHERS                                                                  PLAINTIFF

v.                                                              No. 4:05CV80-M-A

SUPERINTENDENT LAWRENCE KELLY, ET AL.              DEFENDANTS

## REPORT AND RECOMMENDATION

Before the court is the motion of the plaintiff Marco Carrothers for a temporary restraining order or, in the alternative, for preliminary injunctive relief. The plaintiff is a state inmate currently housed at Mississippi State Penitentiary. He seeks an order from the court mandating his removal from Unit 32 in Parchman and his placement in another facility, preferably Central Mississippi Correctional Facility. The court held an evidentiary hearing on May 10, 2005, and, after considering the testimony and evidence presented, finds that the instant motion should be denied.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville*

*Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The instant motion must fail, as the plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. The Mississippi Department of Corrections has validated the plaintiff as a core member of a Security Threat Group (otherwise known as a gang), and the policy at the Mississippi Department of Corrections is to house all such inmates at Unit 32. There is no dispute that plaintiff was stabbed fifteen times in a June 17, 2003, incident[1] while housed at Unit 32C at Parchman. The plaintiff was placed on Administrative Protective Custody after the 2003 incident and has remained so until the present. He has not been moved from that housing assignment, and he believes that he is under a constant threat of attack. He has not, however, been attacked in the twenty-three

---

[1] The 2003 stabbing was gang-related retaliation for an earlier disturbance the plaintiff caused August 9, 2001.

months following the June 17, 2003 incident, and he could not name any particular person as a potential threat. He stated in his motion only that he believed that he would be attacked some time in March or April of 2005 when he was out of his cell for the windows to be washed. Of course, he had not been attacked as of the date of the May 10 hearing.

Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff repeatedly testified that he could be attacked at any time if he saw "the wrong person" anywhere within the penitentiary grounds at Parchman, and for this reason he seeks a transfer to another MDOC facility and his removal from protective custody status. When pressed, however, the plaintiff conceded that he had no idea who that "wrong person" might be – and that he spends approximately twenty-three hours per day in his cell, where he cannot be attacked. He spends the remaining time either on yard call, where inmates now remain shackled and in separate fenced areas for their own safety, in the shower, where he goes alone save for a guard, or traveling to and from these activities. The court asked the plaintiff several times where he could be attacked given this testimony, and the plaintiff could not say. Further, the court asked the plaintiff why he thought he would be safer at another facility, and his response was only that he was not known to the inmates at other facilities.

Thus, from the testimony given, it appears that the plaintiff is currently housed in the safest place he can be kept within the Mississippi Department of Corrections. His only exposure to other inmates is when he travels to and from yard call and the shower, and that exposure has been minimal, particularly after the Mississippi Department of Corrections mandated that all Unit 32 inmates remain shackled while on yard call. Such limited exposure to other inmates

does not constitute an extreme circumstance warranting judicial intervention. Accordingly, plaintiff fails to demonstrate a substantial likelihood that he will prevail on his claim, and the undersigned respectfully recommends dismissal of the instant motion for a temporary restraining order or preliminary injunction.

## Handling of Objections, Acknowledgment of Receipt

For the reasons discussed above, the undersigned recommends that plaintiff's motion for a temporary restraining order be denied. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S. Ct. 1163, 130 L. Ed. 2d 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph will lead to the dismissal of this lawsuit under FED. R. CIV. P. 41(b) for failure to

prosecute and for failure to comply with an order of the court.

    **THIS** the 24th day of May, 2005.

                                               /s/ S. Allan Alexander
                                               UNITED STATES MAGISTRATE JUDGE