IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCO CARROTHERS                                                          PLAINTIFF

v.                                                                                  No. 4:05CV80-M-A

LAWRENCE KELLY, ET AL.                                                DEFENDANTS


**ORDER *DENYING* PLAINTIFF'S MOTION
TO RESCHEDULE VIEWING OF X-RAYS;
*GRANTING* MOTION TO FIND THAT DEFENDANTS
BEARRY AND SANTOS HAVE COMPLIED WITH
THE COURT'S MAY 18, 2006, ORDER;
*DENYING* MOTION TO QUASH THE TRANSCRIPT
OF THE PRELIMINARY INJUNCTION HEARING**

This matter comes before the court on three motions: (1) the plaintiff's motion to reschedule the viewing of the plaintiff's x-rays ordered by the court on May 18, 2006, (2) the defendants' motion for a finding that the defendants have complied with the court's May 18, 2006, order by making the x-rays available, and (3) the plaintiff's motion to quash the transcript of the May 10, 2006, hearing on the plaintiff's motion for a preliminary injunction.

**Viewing the Plaintiff's X-rays**

The defendants made the x-rays of the plaintiff's injuries available to the plaintiff on June 16, 2006, at the Unit 32 clinic, which has the equipment necessary for viewing x-rays. The plaintiff refused to leave his cell to view the x-rays because he was fearful of being led in restraints through the unit past inmate "floor-walkers." Dr. Bearry and Nurse Lisa Tucker waited at the Unit 32 Medical Clinic for nearly an hour. The Unit 32 guards documented the plaintiff's refusal to leave his cell.

Given the nature of the plaintiff's complaint in this case, the court understands his reluctance to leave his cell. The plaintiff was attacked and stabbed at Unit 32 of the Mississippi State Penitentiary, and he has alleged that a gang has put out a "hit" on him. Unfortunately for the plaintiff, all of the equipment necessary to view x-rays is located at the Unit 32 Clinic, not in the plaintiff's cell. The plaintiff was given an opportunity to view the x-rays. He declined that opportunity. The court thus finds that the defendants have complied with the court's May 18, 2006, order, and the plaintiff's motion for another viewing shall be denied.

### Quashing the Transcript of the Preliminary Injunction Hearing

The plaintiff argues that the transcript of the hearing on his motion for a preliminary injunction should be quashed because much of the tape the court reporter used for transcription was unintelligible. The defendants respond that the unintelligible portions are clearly marked, and the parties should be able to use the parts of the transcript the court reporter was able to hear. The defendants' argument is persuasive. Although a significant portion of the transcript has been compromised by the poor quality of the tape recording, some parts could be useful to the parties. If any party wishes to use testimony from the transcript at trial, that party must – at least five weeks prior to trial – provide a copy of that testimony to other parties and to the court. Each party will have one week to object to the other's transcript excerpts, and the court shall make its ruling on which may be used. This procedure will ensure that the trial proceeds expeditiously. The plaintiff's motion to quash the transcript of the preliminary injunction hearing shall be denied.

For the reasons set forth above:

(1)   The plaintiff's motion to reschedule the time to view his x-rays is hereby **DENIED;**

(2)	The defendants' motion for a ruling that the defendants have complied with the court's May 18, 2006, order is hereby **GRANTED;**

(3)	The plaintiff's motion to quash the transcription of testimony from the May 10, 2006, of the preliminary injunction hearing is hereby **DENIED**.  Each party must, however, use the procedure outlined above if he wishes to use testimony from that hearing.

      **SO ORDERED,** this the 1st day of November, 2006.

                                         **/s/ Michael P. Mills**
                                         **UNITED STATES DISTRICT JUDGE**