IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARCO CARROTHERS                                                               PLAINTIFF

v.                                                                                     No. 4:05CV80-M-A

LAWRENCE KELLY, ET AL.                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Marco Carrothers, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved for summary judgment, and the plaintiff has responded. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment shall be granted, and judgment shall be entered for the defendants.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue

for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Factual Allegations**

On July 17, 2003, the plaintiff was housed at the Mississippi State Penitentiary in Unit 32-D building on A-Zone, tier six, cell 235. The plaintiff was scheduled for a haircut that day

and came out of his cell to see the barber. When the plaintiff arrived at the table on the tier used by the barbers, another inmate, Fredrick Burton was there getting his hair cut. Burton attacked and stabbed the plaintiff approximately fifteen times. The plaintiff seeks compensatory and punitive damages against the defendants for failing to protect him from the assault by inmate Burton.

### The Plaintiff's Testimony at the Preliminary Injunction Hearing

On May 10, 2005, the court heard the plaintiff's Motion for Preliminary Injunction before the United States Magistrate Judge. Transcript entitled "Preliminary Injunction Hearing," pages 1-73) ("Transcript"). The Court and Mississippi Department of Corrections counsel examined the plaintiff regarding his alleged grounds for seeking a transfer due to fear attack at the State Penitentiary, but also, as to the facts surrounding the assault on July 17, 2003. The transcript of audiotape of the preliminary injunction hearing has parts the court reporter found to be unintelligible, but the portions the court relies upon were able to be transcribed faithfully.

The plaintiff testified that he did not write Defendant Ricky Scott regarding a threat from Fredrick Burton. He also testified that he did not complain to anyone that Fredrick Burton should not be on his housing tier. Transcript, p. 22. Letters from the plaintiff or his family written to prison officials concerning inmate Burton were written and mailed *after* the assault on July 17, 2003. Transcript, p. 23. Further, the plaintiff testified that he did not tell anyone about Fredrick Burton or that he feared an attack. Transcript, p. 40. The plaintiff could not name any person he considered a threat to his safety as of the May 2005 hearing. Transcript, p. 46. Thus, the plaintiff did not put the defendants – or anyone else – on notice that inmate Burton was a threat to him.

The plaintiff's claims against the individual defendants arise out of their positions with the Mississippi Department of Corrections. Transcript: Lawrence Kelly, pp. 56-57; Stanley Flagg, pp. 57-58; Mary Craft, pp. 58-59; Christopher Epps, pp. 59-60). The plaintiff hs not alleged that any defendant had prior knowledge that inmate Fredrick Burton posed a serious threat to the plaintiff's safety.

## Failure to Protect

The plaintiff claims that the defendants failed to protect him from the attack of inmate Fredrick Burton. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates" *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). "[T]he 'deliberate indifference' standard [is] the proper standard to apply in the context of convicted prisoners who claim[] . . . the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5th Cir. 1995). The acts of prison officials do not rise to the level of deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). The plaintiff conceded at the hearing on his motion for a preliminary injunction that he did not himself anticipate the attack by Fredrick Burton, and he has set forth no reason that the defendants could have anticipated the attack, either. The court thus cannot find that the defendants "consciously disregard[ed] a substantial risk of serious harm," which is necessary if the plaintiff is to state a claim cognizable under § 1983. *Id.* at 826 (citation omitted). They could not have consciously disregarded the risk – because they did not know of its existence.

The plaintiff argues that the defendants should have been on notice that he was in danger because he took part in a disturbance at Unit 29-J on August 8, *2001*, some two years before the current incident, which occurred July 17, 2003. An inmate named Lester Nash stabbed the plaintiff during the 2001 disturbance. There is simply no rational connection between the plaintiff's altercation with Lester Nash in Unit 29-J and the present incident. The plaintiff did not put prison authorities on notice that Fredrick Burton might attack him, and the authorities had no other way to determine that Burton might do so. Indeed, it appears that the plaintiff himself did not foresee the possibility of an attack by Fredrick Burton. As such, the plaintiff's claims of deliberate indifference by the defendants must fail.

In sum, all of the plaintiff's remaining claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 18th day of October, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**